IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY CARTER, LESLIE DAVIS, THE ESTATE OF TIFFANY CAPERS-ALLEN BY SHAWN ALLEN, ADMINISTRATOR, SHARON AGBEDE, TIARA COUNCIL, CATHERINE MACKEY-GAITHER, GREGORY GARNER, JENNIFER JUBILEE, ROCHELLE MORRIS, and KIMBERLY RODRIQUEZ,<br>         Plaintiffs,<br><br>      v.<br><br>CITY OF PHILADELPHIA,<br>         Defendant. | CIVIL ACTION<br><br><br><br>NO.  18-4404 |

**O R D E R**

AND NOW, this   25th   day of September, 2019, upon consideration of Defendant City of Philadelphia's Motion for Summary Judgment (Doc. No. 11) and Plaintiffs' Response in Opposition thereto, it is hereby ORDERED that the Motion is DENIED.[1]

---

[1]  Federal Rule of Civil Procedure 56 governs the filing and outlines the standards for adjudicating motions for summary judgment.  Subsection (a) of that Rule provides as follows:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

BY THE COURT:


s/ J. Curtis Joyner
_____
J. CURTIS JOYNER, J.

---

In considering a motion for summary judgment, a reviewing court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  Burton v. Teleflex, Inc., 707 F.3d 417, 425 (3d Cir. 2013); Roth v. Norfalco, LLC, 651 F.3d 367, 373 (3d Cir. 2011).  It is axiomatic that "the moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  El v. SEPTA, 479 F.3d 232, 237 (3d Cir. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 432 (3d Cir. 2006).

In application of the foregoing standards and legal principles to the evidentiary record produced here, we find that there is more than ample evidence upon which a reasonable jury could find for the plaintiffs in this matter.  Accordingly, Defendant's motion for summary judgment is denied.