IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY CARTER, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 18-4404 |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| BRIAN BUHLER, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 20-4911 |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

DEFENDANT CITY OF PHILADELPHIA'S ADDITIONAL
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant City of Philadelphia submits these additional proposed findings of fact and conclusions of law on the issue of the measure of damages this Court should award Plaintiffs in the above-referenced matters.

1

I.   **PROPOSED ADDITIONAL FINDINGS OF FACT**

   a. **The City Did Not Admit That It Only Pays Plaintiffs at a Lower Rate Because It Believed They Were FLSA-Exempt.**

105.   The City did not respond in discovery that the reason Plaintiffs were paid a lower rate of pay for standby hours is that they were exempt employees. The City was asked the following question: "(1) State every fact that relates, refers or supports your failure to pay $21.14, per hour, as opposed to time and a half as required by law to the Mental Health Coordinators I and II as opposed to time and a half based on their hourly wage." The City responded that it did not pay them overtime as required under the FLSA because it believed they were exempt from the FLSA. Exhibit 24 at Appendix 221.

106.   The City understood Plaintiffs' Interrogatory, which was not a model of clarity, to be asking why the City refused to pay Plaintiffs per the FLSA's requirements, at least in part because Plaintiffs' question specifically asks to the City to explain why the City paid Plaintiffs at a lower rate rather than the "time and a half required by law" and answered accordingly.

107.   Importantly, Plaintiffs did not ask the City to explain why it chose to pay them at a lower rate for overnight and weekend work while paying them a higher rate for their weekday shifts. Accordingly, the City did not interpret Plaintiffs' Interrogatory to be asking why the City chose to pay them at two different rates without reference to the FLSA's overtime payment requirements.

108.   Defendant's Answer to Plaintiff's Complaint only asserted that Plaintiffs "were, and are, not entitled to overtime under the FLSA because they

were, and are, exempt employees under the FLSA." Def.'s Ans. to Pls.' Comp. at p. 18 (ECF No. 3).

### b. Plaintiffs Mistakenly Cite Ms. Marchetti-Brock's Testimony as Supporting Their Proposition That Use of a Blended Rate Must Be Negotiated.

109. Plaintiffs assert that Ms. Marchetti-Brock testified that "there is no provision…in the CBA and that a blended rate would have to be negotiated." Pls. Proposed Findings of Fact ¶ 48 (citing Tr. Day 2 at 6:5-7). This citation does not support Plaintiffs' factual assertion that the blended rate would have to be negotiated. See Tr. Day 2 at 6:5-7 (Q.: "In the contract between the mental health coordinators' union and the city, there is no blended rate specified, is there?" A.: "No.").

### c. Memoranda Discussing That Rate 2 Time Would Ordinarily Be Considered "Overtime" Do Not Equate to Knowledge That Failing to Pay Plaintiffs Overtime Violated the FLSA Because the City Also Pays Overtime to FLSA-Exempt Employees.

110. Absent specific Civil Service Regulations to the contrary, the City compensates all employees represented by District Council 47, Local 2187 with either cash or compensatory time for hours worked beyond eight in a day and time worked on regular days off. See C.S.R. 6.1131 (detailing overtime compensation paid to employees represented by District Council 47, Local 2187) (available at https://www.phila.gov/publications/civil-service-regulations/#/page/6.?subsection=6.11).

111. The City compensates these employees with cash or compensatory time regardless of the employees' FLSA status. Id.

3

112. The City created an exception to this general rule for certain portions of the time worked by Plaintiffs. See C.S.R. 6.155 (available at https://www.phila.gov/publications/civil-service-regulations/#/page/6.?subsection=6.15).

113. The memoranda created by City employees that describe a desire to continue paying Plaintiffs a reduced rate for overnight and weekend work to save money should not be interpreted as evidence that the City was avoiding its obligations under the FLSA; rather, these memoranda simply acknowledge that, without the continued exception to the City's overtime practices, Plaintiffs would be paid overtime for their overnight and weekend work regardless of their FLSA status. See Exhibit 30 at Appendix 249-255.

### d. Judge Joyner's Pronouncement on the Measure of Plaintiffs' Damages Was Not Made After Full and Careful Consideration of That Issue and His Order on Defendant's Motion in Limine Did Not Explicitly or Implicitly Address That Issue.

114. The parties filed dueling Motions for Summary Judgment in this matter; neither Motion, nor the parties' responses and replies to those Motions, raised the issue of how to calculate Plaintiffs' regular rate for the purposes of determining Plaintiffs' damages. See Def.'s Mot for S.J. (ECF No. 11); Pls.' Mot. for S.J. (ECF No. 12); Pls. Resp. to Def.'s Mot. for S.J. (ECF No. 15); Def.'s Resp. to Pls.' Mot. for S.J. (ECF No. 17); Pls.' Reply to Def.'s Resp. to Pls.' Mot. for S.J. (ECF No. 18).

115. Judge Joyner's Opinion on the parties' cross-Motions for Summary Judgment dealt exclusively with whether the City could prove that it had properly classified Plaintiffs as FLSA-exempt. Oct. 17, 2019 Opinion (ECF No. 20).

116. The last line of Judge Joyner's Opinion stated, "Plaintiffs are therefore entitled to receive overtime compensation at the rate of 1 ½ times the regular rate at which they are employed on their regular shifts for all hours worked in excess of 40 hours per week." Id. at p. 24-25.

117. Defendant raised, for the first time, the calculation issue that forms the basis for part of the present proceedings in an April 2, 2020 Motion in Limine. Def.'s Mot. in Limine (ECF No. 35).

118. Judge Joyner denied Defendant's Motion in Limine on December 14, 2020, stating that "we find the methodology employed by Plaintiffs' expert in calculating damages is sufficiently reliable and that any confusion which may arise therefrom is easily mitigated and resolved through appropriate cross-examination by defense counsel." Dec. 14, 2020 Order (ECF No. 40).

II. **PROPOSED ADDITIONAL CONCLUSIONS OF LAW**

    a. **The City's Discovery Answers and Answer to Plaintiffs' Complaint Do Not Support Plaintiff's Contention That the City Admitted That It Only Paid Plaintiffs a Lower Rate for Overnight and Weekend Work Because They Were FLSA Exempt.**

119. Plaintiffs argue that they are entitled to be paid for all hours worked at Rate 1. Pls.' Proposed Conclusions of Law ¶ 17-39.

120. Plaintiffs assert that Defendant admitted in discovery responses that the reason it paid Plaintiffs a lower rate for overnight and weekend work was their exempt status. Pls.' Proposed Findings of Fact ¶ 17.

121. However, the City's response to the Interrogatory in question should be interpreted to mean only that the City failed to comply with the FLSA's requirements concerning overtime because it believed Plaintiffs were exempt, not that the two-rate structure applied to Plaintiffs was premised on their FLSA-exempt status. Infra ¶¶ 105-107.

122. Plaintiffs also assert that the City's Answer to their Complaint claimed that, because Plaintiffs were classified as exempt, the City was justified in compensating them at a lower rate for standby time. Pls.' Proposed Conclusions of Law ¶ 17.

123. Plaintiffs offer no factual citations for this assertion, and a brief review of the affirmative defenses listed in Defendant's Answer to Plaintiff's Complaint demonstrates that Defendant only asserted that Plaintiffs "were, and are[,] not entitled to overtime under the FLSA because they were, and are, exempt employees under the FLSA." Infra ¶ 108.

124. Thus, Defendant's discovery responses and its Answer to Plaintiffs' Complaint do not support Plaintiffs' assertion that the City admitted that the only reason it paid Plaintiffs at a lower rate for overnight and weekend work was their FLSA status.

### b. That Plaintiffs' Collective Bargaining Agreement Does Not Provide for the Use of a Blended Rate is Immaterial.

125.  Plaintiffs' reliance on the fact that the City's collective bargaining agreement with District Council 47, Local 2187, does not provide for using a blended rate to calculate overtime to justify its assertion that a blended rate may not be used to calculate overtime in the present matter, see Pls.' Conclusions of Law ¶ 36, is misplaced.

126.  The City is not arguing that Plaintiffs are precluded from recovering unpaid overtime payments mandated by the FLSA in the present action, as the City agrees that Plaintiffs may not bargain away their FLSA rights.

127.  Rather, the City argues that Plaintiffs—who the City maintains are not entitled to overtime under their collective bargaining agreement—are limited in their recovery to only what the FLSA requires they receive, which is one-and-a-half times their regular rates of pay for all hours worked over forty in a week.

128.  Accordingly, because the FLSA's "regular rate" is by definition a blended rate, Plaintiffs are entitled only to damages calculated using a blended rate, regardless of whether their collective bargaining agreement permits using a blended rate for overtime payments contemplated by the agreement.

### c. Rate 2 Payments Are Not Overtime Payments That May Be Excluded When Calculating Plaintiffs' Regular Rate.

129.  Plaintiffs assert that this Court should consider all hours for which Plaintiffs were compensated at Rate 2 "overtime" and, therefore, exclude those payments when calculating Plaintiffs' regular rate.  Pls.' Conclusions of Law ¶ 27.

130. Plaintiffs did not, however, exclusively work Rate 2 after working forty hours in a week; rather, Plaintiffs worked Rate 2 during the week and on weekends, often prior to having completed forty hours of work. Def.'s Proposed Findings of Fact and Conclusions of Law ¶ 22 (ECF No. 64).

131. Accordingly, much of Plaintiffs Rate 2 time was not "overtime" within the meaning of the FLSA ascribed to that word. See 29 C.F.R. § 778.101 (providing that "hours worked in excess of the statutory maximum in any workweek are overtime hours under the statute.")

132. Moreover, even if Plaintiffs had worked all of their Rate 2 hours after working forty hours during a workweek, payments for those hours would not be excludable from Plaintiffs' regular rate as those payments do not fall within any statutory exclusions. 29 C.F.R. § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.").

133. Rate 2 payments made to Plaintiffs may not be excluded from the regular rate because they are not at least one-and-a-half times Plaintiffs' regular rate. 29 C.F.R. § 778.200(a)(5-7) (detailing wage payments which may be excluded from the regular rate); 29 C.F.R. § 778.200(c) (providing that all remuneration provided to employees that is not statutorily excluded must be included when calculating the regular rate.).

> d. The "Law of the Case" Doctrine Does Not Bar This Court From Addressing How To Calculate Plaintiffs' Regular Rate Because Judge Joyner's Pronouncement on That Subject In His Opinion on the Parties' Motions for Summary Judgment Is Dicta, and His Order on Defendant's Motion *in Limine* Did Not Explicitly or Implicitly Decide That Issue.

134. Plaintiffs assert that Judge Joyner decided that they must be paid at Rate 1 for all time for which they were previously compensated at Rate 2, and that this Court should refrain from revisiting Judge Joyner's ruling under the "law of the case" doctrine. Pls.' Conclusions of Law ¶ 18-21.

135. However, Judge Joyner's pronouncement on this issue was *dicta*, issued at the close of an Opinion on whether, as a matter of law, Defendant had properly classified Plaintiffs as "FLSA exempt" and, further, Judge Joyner's Order denying Defendant's Motion in Limine does not implicitly or explicitly decide this issue.

136. Therefore, this Court is not barred from considering the appropriate method for calculating Plaintiffs' regular rate.

137. Under the "law of the case" doctrine, parties may not relitigate issues that have been decided in the same case. Waldorf v. Shuta, 142 F.3d 601, 616 n.4 (3d Cir. 1998).

138. However, the law of the case doctrine applies only "when [a court's] prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication." United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392, 397–98 (3d Cir. 2003).

139. Importantly, courts do not "impute the resolution of a complicated issue from dictum in a judgment order…[d]icta statements are not binding law of the case." Ogbudimpka v. Ashcroft, 342 F.3d 207, 201 n. 7 (3d Cir. 2003).

140. "[D]ictum [is] 'a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding—that, being peripheral, may not have received the full and careful consideration of the court that uttered it.'" In re McDonald, 205 F.3d 606, 612 (3d Cir. 2000).

141. Plaintiffs rely on Judge Joyner's statement, made at the end of his Opinion on the parties' Motions for Summary Judgment, that "Plaintiffs are therefore entitled to receive overtime compensation at the rate of 1 ½ times the regular rate at which they are employed on their regular shifts for all hours worked in excess of 40 hours per week." Infra ¶ 116.

142. However, the parties did not raise the issue of how to calculate Plaintiffs' regular rate as part of their summary judgment motions, and, therefore, the Court did not consider that question elsewhere in its Opinion or address the arguments that have since been presented by the parties on this issue. Infra ¶¶ 114-116.

143. Accordingly, Judge Joyner's statement is dicta, as it is irrelevant to the holding of the Opinion in question and made without full and careful consideration of the competing arguments on that issue.

144. Moreover, Judge Joyner did not rule, implicitly or explicitly, on the rate calculation issue as part of his Order on Defendant's Motion in Limine; that

Order merely denies the City's Motion and instructs the City to resolve any issues through appropriate cross-examination—it does not issue an explicit decision on which parties' theory is correct, and no such decision was inherently or implicitly necessary for the Court to deny Defendant's Motion. Infra ¶¶ 117-118.

145.  Therefore, this Court may, and should, resolve the issue of how to calculate Plaintiff's regular rate as part of its decision on the damages owed to Plaintiffs.

### III. CONCLUSION

Defendant City of Philadelphia respectfully request that this Honorable Court award Plaintiffs damages as described more fully in its Proposed Findings of Fact and Conclusions of Law, filed on November 15, 2021.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: November 29, 2021

BY:  s/ Christopher H. Rider
Christopher H. Rider
Divisional Deputy City Solicitor
Pa. Attorney ID No. 307265
City of Philadelphia Law Dept.
1515 Arch St., 16th Fl.
Philadelphia, PA 19102
(215) 683-5082
christopher.rider@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARRY CARTER, et al.,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 18-4404 |
| : | |
| **CITY OF PHILADELPHIA,** : | |
| : | |
| Defendant. : | |

### CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Additional Proposed Findings of Fact and Conclusions of Law on Damages has been filed electronically and is available for viewing and downloading.

                                                                                                          Respectfully Submitted,

                                                                                                          CITY OF PHILADELPHIA
                                                                                                          LAW DEPARTMENT

Date: <u>November 29, 2021</u>                       BY: <u> s/ Christopher H. Rider </u>
                                                                                              Christopher H. Rider
                                                                                              Divisional Deputy City Solicitor