IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY CARTER, et al., | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | NO. 5:18-cv-04404-JDW |
| | : | |
|     Defendants | : | |

**DEFENDANT CITY OF PHILADELPHIA'S MOTION TO STAY THE EXECUTION OF JUDGMENT PENDING APPEAL AND TO WAIVE THE BOND REQUIREMENT PURSUANT TO FED.R.CIV.P. 62(f)**

    Defendant, City of Philadelphia, by and through its counsel, CLARK HILL PLC, hereby moves to stay the execution of judgment in the above-captioned matter pending appeal and to waive the bond requirement pursuant to Rule 62(f) of the Federal Rule of Civil Procedure. Defendant hereby incorporates the attached memorandum of law as though fully set forth at length.

    WHEREFORE, Defendant respectfully requests that this Court grant its Motion to Stay the Execution of Judgment Pending Appeal and to Waive the Bond Requirement Pursuant to Rule 62(f) of the Federal Rules of Civil Procedure.

Respectfully submitted,

CLARK HILL PLC


 /s/  *Lisa Carney Eldridge*
Lisa Carney Eldridge
Stephanie K. Rawitt

February 18, 2022

Attorneys for Defendant
City of Philadelphia

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY CARTER, et al.,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | NO. 5:18-cv-04404-JDW |
| | : | |
| **Defendants** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT CITY OF PHILADELPHIA'S MOTION TO STAY THE
EXECUTION OF JUDGMENT PENDING APPEAL AND TO WAIVE THE BOND
REQUIREMENT PURSUANT TO RULE 62(f)**

In support of its Motion to Stay the Execution of Judgment Pending Appeal and to Waive the Bond Requirement Pursuant to Rule 62(f), Defendant City of Philadelphia ("the City"), by and through its counsel, CLARK HILL PLC, hereby states as follows:

On January 19, 2022, this Court entered judgment in this case in the following amounts against the City:

| Name | Amount |
|---|---|
| Gregory Garner | $111,343.75 |
| Jennifer Jubilee | $125,976.88 |
| Kimberly Rodriguez | $260,077.34 |
| Larry Carter | $155,045.96 |
| Leslie Davis | $180,234.72 |
| Rochelle Morris | $165,501.25 |
| Sharon Holmes-Agbede | $85,665.30 |

2

| | |
|---|---|
| Estate of Tiffany Capers-Allen | $55,007.07 |
| Catherine Mackey-Gaither | $217,876.29 |
| Tiara Council | $80,439.59 |
| Amanda Winter | $46,607.99 |
| Brian Buhler | $69,924.21 |
| Tiffany Hawkins | $35,283.87 |
| Shelly Brown | $31,393.04 |

As set forth herein, and pursuant to Fed. R. Civ. P. 62(f), the execution of this judgment should be stayed pending the resolution of its appeal, and the bond requirement should be waived.

Fed. R. Civ. Proc. 62(d) provides that appellants may obtain a stay of the execution of judgment pending appeal by posting a supersedeas bond. A district court is empowered to waive the bond requirement where appropriate and in its discretion. See In re Diet Drugs, 538 F.3d 524, 552 (3d Cir. 2009); McKenna v. City of Philadelphia, 2010 WL 2891591 (E.D. Pa. July 20, 2010); see also Munoz v. City of Philadelphia, 537 F.Supp.2d 749 (E.D. Pa. 2008) (granting a stay without requiring a bond where the movant had sufficient funds to pay the judgment against it and there was "no basis to think that prompt payment [would] not take place should the judgment be sustained on appeal"); accord Hurley v. Atlantic City, 944 F. Supp. 371, 372-374 (D.N.J. 1996) (finding defendant municipal police department entitled to a waiver of the supersedeas bond under Rule 62(f) and stay of execution of judgment pending appeal; citing to various circuit court of appeals and lower court decisions within the Third Circuit). However, Rule 62(f) sets forth an automatic exception to the bond requirement for defendants who would be entitled to a stay under the law of the state in which the district court is located:

2

> In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

Fed. R. Civ. P. 62(f). Thus, Rule 62(f) entitles the City of Philadelphia to a stay of the execution of judgment pending appeal because Pennsylvania law meets the rule's two requirements that: "(1) under the applicable law, the judgment must result in a lien on the judgment debtor's property, and (2) state law must provide for a stay." North Am. Specialty Ins. Co. v. Chichester Sch. Dist., 2001 U.S. Dist. LEXIS 5544 at *5 (E.D. Pa. Apr. 4, 2001) (citing Hurley, 944 F. Supp. at 372).

In Chichester, the court held that Pennsylvania law meets the Rule 62(d) requirements. First, 42 Pa. C.S. § 4303(a) provides that "any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property." Id. at *5. The Pennsylvania Supreme Court has interpreted this provision to mean that a recorded judgment operates as a lien upon all real property of the judgment debtor located in the county where the judgment is recorded. Id. (citing In re Upset Sale, Tax Claim of Berks County, 505 Pa. 327, 479 A.2d 940, 943 (1984)). As the court agreed in Munoz v. City of Philadelphia, Pennsylvania law establishes that a judgment or other order of a court for payment of money is a lien on real property. 537 F.Supp.2d at 750 (citing 42 Pa. Const. Stat. Ann. § 4303(a)). It then becomes a lien on real property in the court in which it is recorded. Id. (citing In re Upset Sale, Tax Claim Bureau of Berks County, 505 Pa. 327, 479 A.2d 940, 943 (1984); Chichester, 2001 U.S. Dist. LEXIS 5544 at *4–*5). In granting the motion, the court stated that it had no reason to believe that if the judgment were affirmed, the City would not promptly pay the judgment. Munoz, 537 F.Supp.2d at 751-52.

Furthermore, if this case had been brought in state court, Pennsylvania law provides for a stay under the circumstances. Pennsylvania Rule of Appellate Procedure 1736(a)(2) provides that

3

"[n]o security shall be required of: . . . (2) Any political subdivision or any officer thereof, acting in his official capacity, except in any case in which a common pleas court has affirmed an arbitration award in a grievance or similar personnel matter." Subsection (b) goes on to grant an automatic supersedeas to any party specified in section (a). See P.R.A.P. 1736(b); Chichester School District, 2001 LEXIS 5544 at *5. The City is a political subdivision. See id. at *5. Thus, as in the Chichester case, Pennsylvania law meets both requirements of Rule 62(f) for a stay of execution. "As the applicable state law does not require the posting of a bond, this Court must follow suit and waive the supersedeas bond for purposes of the federal [post trial motion and] appeal." Id.

Additionally, in McKenna v. City of Philadelphia, the court held the City was entitled to a stay of execution pending the disposition of parties' post-trial motions under Rule 62(b) and 62(d), and that no bond posting would be required under Rule 62(f). See 2010 WL 2891591 at *19-20 (E.D. Pa. July 20, 2010); see also McKenna v. City of Philadelphia, 2009 WL 10687590, at *3 (E.D. Pa. July 30, 2009) (noting amount of money in the Indemnities Fund and that no bond would be required from the City during appeal). Moreover, the court noted that 42 Pa. C.S. § 4303(a) rendered the plaintiffs' judgment a lien on the City's property and thus, the City was not required to file a supersedeas bond under P.R.A.P. 1736(a)(2). Therefore, this Court should automatically stay the execution of judgment and waive the bond requirement under Rule 62(f).

In determining that the local municipal police force was not required to post a bond pending appeal, the Hurley court set forth a number of factors that can be used to determine whether a supersedeas bond requirement should be waived, which are also present here, such as:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would

4

      be a waste of money" . . . ; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position . . .

Hurley, 944 F.Supp. 371, 374 (citing *Dillon*, 866 F.2d at 904–05). Under the present circumstances, if the judgment is upheld, there should be no concern that the City will pay the judgment. The attached verification of the City's Budget Director, Marisa Waxman supports this position. As such, the City's ability to pay the bond is evident and the cost of the bond would "be a waste of money." Id. Furthermore, the City has an efficient, organized procedure in place to ensure that such obligations are satisfied in a timely manner. See e.g. McKenna, 2009 WL 10687590, at *3 (City of Philadelphia not required to post bond and entitled to stay of execution under Rule 62(f)); see also Dillon, 866 F.2d at 904-05 (7th Cir. 1988) (reversing the district court's requirement that the City of Chicago post a bond on appeal); In re Nassau Cnty. Strip Search Cases, 7783 F.3d 414, 418 (2d Cir. 2015) (exempting Nassau County from putting up a supersedeas bond since it demonstrated the existence of appropriated funds, 'available for the purpose of paying judgments without substantial delay or other difficulty.'"). As such, the City should not be required to post a supersedeas bond in order to effect a stay of execution pending appeal.

## **CONCLUSION**

Therefore, Defendant City of Philadelphia respectfully requests this Court grant its Motion To Stay Execution of the Judgment Pending Appeal and To Waive the Bond Requirement under Rule 62(f), and to enter the attached order.

                Respectfully submitted,

                CLARK HILL PLC

                */s/ Lisa Carney Eldridge*
                Lisa Carney Eldridge
                Stephanie K. Rawitt

February 18, 2022

                Attorneys for Defendant
                City of Philadelphia

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below the foregoing Motion was filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the U.S. District Court for the Eastern District of Pennsylvania.

I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record, via ECF.

                                                          */s/ Lisa Carney Eldridge*
                                                        Lisa Carney Eldridge

Dated:  February 18, 2022